**UNITED STATES v. WILLIAMS.**
**No. 11103.**

United States Court of Appeals
Third Circuit.

Argued Nov. 17, 1953.

Decided Dec. 11, 1953.

Morton E. Rotman, Philadelphia, Pa. (Dennis, Rotman, Gorson & Cohen, Robert M. Taylor, Philadelphia, Pa., on the brief), for appellant.

Frederick B. Lacey, Newark, N. J. (William F. Tompkins, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

The defendant was prosecuted in the United States District Court for the District of New Jersey for violation of section 145(b) of the Internal Revenue Code, which makes it a felony for one willfully to fail to pay his income tax.[1] The alleged violations involved two tax years. Each was set out in a separate count of the indictment. The defendant was convicted on both counts and thereafter sentenced. He now appeals.

The government's case was based upon a comparison between the net worth of the taxpayer at the beginning and at the end of the two taxable periods above mentioned. The defendant contends that his is not a proper case for the application of the net worth formula for proving tax evasion. In this he is wrong. The statute provides that if the taxpayer has no regular method of accounting "the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."[2] This taxpayer by his own admission kept no regular books at all. He did have receipts for some items claimed as deductions. He said that his business was that of leasing real estate. But there was one good-sized item which

1. "* * * any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution." 26 U.S.C.A. § 145(b) (1945).

2. 26 U.S.C.A. § 41 (1948).

he admitted receiving from a gambling establishment for which he accounted only by saying it was included in what he returned as rental from the property in which the establishment was located. There were other items which he said were not income. We think the case a proper one for the application of the net worth method. See United States v. Caserta, 3 Cir., 1952, 199 F.2d 905, and this Court's latest decision on the net worth point in United States v. Link, 3 Cir., 1953, 202 F.2d 592.

In his instructions, the trial judge very carefully described the application of the net worth formula for the jury's benefit.[3] In using this net worth test to determine discrepancies in the taxpayer's return of his income, care must be taken not to charge the taxpayer with income which may be a change in form of some capital which he has owned all the time or receipts such as gifts or inheritances which do not constitute taxable income. This is, of course, made hard to do because by hypothesis the taxpayer does not have adequate books or the net worth method would not have to be resorted to.

In this case the issue finally reduced itself to a comparatively narrow one. It turned largely upon certain money which the taxpayer had got from a source called "Club Harlem" enterprise, in which he and other members of his family had some kind of an interest. One of the hard things about this case was that several members of the same family participated in these ventures without any bright line being drawn as to where one man's interest left off and another's began. In this case if the money which was paid to the taxpayer from this source was a return by the Club to him of a loan he had previously made it, of course it was not income. The same is true if it was a loan to him from the Club. If it was profit from the business which he either owned or in which he had an interest, it was income. So, too, if the money was paid to him for services rendered. There was evidence on all this and it need hardly be said that the evidence was conflicting. The trial judge put the matter to the jury very carefully. He stated the various theories and left the matter as one of fact for the jury to determine. And he stated categorically that if they found "that such money honestly constituted either the repayment of a loan to Leroy Williams or constituted a loan from the Club to Leroy Williams, then such payments were not income that should have been reported on Leroy Williams' income tax return."

■ Complaint is made that the judge emphasized "high lights" that were prejudicial to the defendant. We find no merit in criticism of what the judge left to the jury. He gave them a very detailed charge in which he reviewed the law, summarized the various pieces of evidence, and left very clearly to them the determination of the fact questions on which the proof of guilt was to be determined. In addition he granted a large number of instructions requested by the defendant. The charge was complete and it was fair.

■ That the testimony against the defendant, if believed, was sufficient to sustain a verdict of guilty there can be no doubt.

The judgment of the district court will be affirmed.

---

3. He said: "This theory is, in effect, that if a taxpayer's net worth has increased during a given period in an amount greater than his reported income for that period, then there must be a discrepancy in his income tax return and payment. An outgrowth of this net worth method is the expenditure test involved in this case. The theory of it is simple, however its application may become difficult. It starts with an appraisal of the taxpayer's net worth situation at the beginning of a period. He may have much or he may have nothing. If, during that period, his expenditures have exceeded the amount he has returned as income and his net worth at the end of the period is the same as it was at the beginning (or any difference accounted for) then, it may be concluded that his income tax return shows less income than he has, in fact, received. (Of course, if his net worth has increased during the period involved this also helps to reach such conclusion.)"